IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Case No. 3:22-cr-163 (RCY) |
| ) | |
| JOSEPH CARROLL BUSH, III, ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Joseph Carroll Bush III's ("Mr. Bush," or "the Defendant") Motion to Dismiss Count I of the Indictment ("Motion to Dismiss"). ECF No. 31. The Defendant seeks dismissal of the portion of the indictment charging him with Possession of a Firearm and Ammunition by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Defendant's Motion to Dismiss is based on the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, --- U.S. ----, 142 S. Ct. 2111 (2022), as well as the Third Circuit's decision in *Range v. Attorney General*, 2023 WL 3833404 (3d Cir. 2023) (*en banc*). Mot. Dismiss 2–3. Defendant brings an as-applied challenge to § 922(g)(1). For the reasons stated below, the Court will deny Defendant's motion in full.

**I. BACKGROUND**

Mr. Bush was indicted on November 1, 2022, and charged with one count of Possession of a Firearm and Ammunition by a Convicted Felon pursuant to 18 U.S.C. § 922(g)(1), and one count of Possession with Intent to Distribute Cocaine Hydrochloride pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(C). Indictment 1–2, ECF No. 1. Mr. Bush was arraigned on November 30, 2022, and pleaded not guilty. ECF No. 14.

Mr. Bush has four prior felony convictions, from two separate cases: first, a "robbery felony" under Virginia Code § 18.2-58 and a "use of firearm felony" under Virginia Code § 18.2-

53.1, for crimes occurring in 2011; and second, a "possess/transport firearm by violent felon" felony under Virginia Code § 18.2-308 and felony probation violation, for crimes occurring in 2016. Mot. Dismiss 1–2. In the first case, Mr. Bush was sentenced to twenty years imprisonment with eighteen years and two months suspended on the robbery and three years for the use of the firearm, with the sentences running consecutively. Resp. Opp'n Mot. Dismiss 3, ECF No. 35. Mr. Bush was released from state custody in 2015. *Id.* In the second case, Mr. Bush was sentenced to five years of imprisonment on the felon-in-possession conviction and two years of active incarceration on the probation violation, with one year to run concurrently. *Id.* Mr. Bush was released in February 2022. *Id.* The present charges were filed later that same year.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Defendant here requests that the Court dismiss Count I of the indictment against him. "An indictment may be dismissed if the statute on which the indictment is premised is unconstitutional." *United States v. Kearney*, 2023 WL 3940106, at *1 (E.D. Va. June 9, 2023); *see United States v. Brown*, 715 F. Supp. 2d 688, 689 (E.D. Va. 2010); *cf.* Fed. R. Crim. P. 12(b)(3)(B) (permitting a defendant to file a pre-trial motion alleging a "defect in the indictment").

## III. DISCUSSION

The Defendant argues that the statute upon which Count One of his indictment is premised, 18 U.S.C. § 922(g)(1), is unconstitutional as applied to him because it violates the Second Amendment under *Bruen*'s new text-and-history test.

Section 922(g)(1) reads, in relevant part:

> It shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... [to] possess in or affecting commerce, any firearm or ammunition.

18 U.S.C. § 922(g)(1).

The Defendant argues that *Bruen* and *Range* "bar[] the application of § 922(g)(1) to Mr. Bush."  Mot. Dismiss 2.  He first argues that the Fourth Circuit has not yet considered *Bruen*'s impact on the constitutionality of statutes such as § 922(g)(1).  *Id.* at 4.  The Defendant further argues that, despite his convictions, he is indeed one of "the People" who enjoy Second Amendment rights.  *See id.* at 5–7.  Finally, the Defendant contends that the Government will be unable to carry its burden of showing a "historical traditional of criminalizing the possession of firearms by those who have committed the same crimes as [the Defendant]."  *See id.* at 7–10.  Defendant thus submits that § 922(g)(1) is unconstitutional as applied to him.  *See id.* at 3, 10.

This Court has already carefully considered and denied each of the arguments set forth in this Motion to Dismiss.  *See United States v. Lane*, 2023 WL 5663084 (E.D. Va. Aug. 31, 2023).[1]  This Court declines to change course and instead adopts in full the reasoning previously set forth in its Memorandum Opinion in *United States v. Lane*.

### IV. CONCLUSION

For the reasons detailed above, the Defendant's Motion to Dismiss Count I of the Indictment, ECF No. 31, will be denied.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: September 25, 2023

---

[1] In *Lane*, this Court held that the Fourth Circuit's pre-*Bruen* precedents upholding § 922(g)(1)'s constitutionality remain good law and require denial of a motion to dismiss an indictment under § 922(g)(1).  *See Lane*, 2023 WL 5663084, at *1, 7–10.  Alternatively, this Court held that *Bruen* reaffirmed the Supreme Court's instruction that "the people" whose conduct the Second Amendment protects includes only "law-abiding citizens" and not felons like the Defendant here.  *See id.* at 10–13.  Despite the fact that the Defendant here brings purely an as-applied challenge, nothing in the facts of this case distinguish the arguments from those in *Lane*.